UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH L. SCARFO and<br>JAYNE SCARFO | * * * | |
| Plaintiffs, | * * | Civil action No.: |
| v. | * * | Section: |
| EQUIFAX INFORMATION SERVICES, LLC,<br>a foreign corporation; and TRANS UNION<br>LLC, a foreign corporation | * * * * | Magistrate: |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   Introduction

1. This is the Complaint brought by two individual consumers under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.,* against defendants Equifax Information Services, LLC and Trans Union LLC.

### II.   Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p. Venue is proper in this Court as the events described herein resulted in injury in St. Bernard Parish, Louisiana.

### III.   Parties

3. Plaintiffs Joseph L. Scarfo and Jayne Scarfo ("Plaintiffs") are residents of St. Bernard Parish, Louisiana and are consumers as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681a(c).

4. Defendant Equifax Information Services, LLC ("Equifax") is a consumer-reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).

5. Defendant Trans Union LLC ("Trans Union") is a consumer-reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).

## IV. Factual Allegations

6. Equifax has prepared credit reports on Plaintiffs that contain inaccurate information, including information regarding a mortgage account being reported as past due to Nationstar Mortgage. Plaintiff Joseph Scarfo notified Equifax that he disputed the inaccurate information.

7. Trans Union has prepared credit reports on Plaintiffs that contain inaccurate information, including information regarding a mortgage account being reported as past due to Nationstar Mortgage. Plaintiff Joseph Scarfo notified Trans Union that he disputed the inaccurate information.

8. Specifically, on or about May 13, 2013, Plaintiffs agreed to settle their lawsuit against Nationstar Mortgage in exchange for certain payments, waiver of the remainder of the alleged debt, if any, and correction of any derogatory reporting of the alleged debt to any consumer-reporting agency, including but not limited to defendants herein.

9. In March of 2014, Plaintiff Joseph Scarfo wrote letters disputing the continued negative reporting of the Nationstar Mortgage account to Equifax, Trans Union and one other consumer-reporting agency, Experian Information Solutions, Inc. Both Equifax and Trans Union confirmed that the alleged debt was not only still outstanding, but past due.

10. On or about May 15, 2014, Plaintiff Joseph Scarfo again disputed the accuracy of the Nationstar mortgage account, and yet again, Trans Union confirmed the validity and past due status of the Nationstar mortgage account. Upon information and belief, both defendants continue to report the false information on Plaintiffs' credit histories.

### First Claim for Relief

**(Plaintiffs Against Equifax)**

**(Negligent Noncompliance with FCRA)**

11. Plaintiffs reallege and incorporate paragraphs 1 through 10.

12. Equifax negligently failed to comply with the requirements of FCRA.

13. As a result of Equifax's failure to comply with the requirements of FCRA, Plaintiffs have suffered, and continue to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

14. Plaintiffs request attorney fees pursuant to 15 U.S.C. §1681o(a).

### Second Claim for Relief

**(Plaintiffs Against Equifax)**

**(Willful Noncompliance with FCRA)**

15. Plaintiffs reallege and incorporate paragraphs 1 through 10.

16. Equifax willfully failed to comply with the requirements of FCRA.

17. As a result of Equifax's failure to comply with the requirements of FCRA, Plaintiffs have suffered, and continue to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.  Plaintiffs also seeks punitive damages in an amount to be determined by the jury.

18. Plaintiffs request attorney fees pursuant to 15 U.S.C. §1681n(a).

### Third Claim for Relief

### (Plaintiffs Against Trans Union)

### (Negligent Noncompliance with FCRA)

19. Plaintiffs reallege and incorporate paragraphs 1 through 10.

20. Trans Union negligently failed to comply with the requirements of FCRA.

21. As a result of Trans Union's failure to comply with the requirements of FCRA, Plaintiffs have suffered, and continue to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

22. Plaintiffs request attorney fees pursuant to 15 U.S.C. §1681o(a).

### Fourth Claim for Relief

### (Plaintiffs Against Trans Union)

### (Willful Noncompliance with FCRA)

23. Plaintiffs reallege and incorporate paragraphs 1 through 10.

24. Trans Union willfully failed to comply with the requirements of FCRA.

25. As a result of Trans Union's failure to comply with the requirements of FCRA, Plaintiffs have suffered, and continue to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.  Plaintiffs also seek punitive damages in an amount to be determined by the jury.

26. Plaintiffs request attorney fees pursuant to 15 U.S.C. §1681n(a).

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief in their favor as follows:

1. Actual damages to be determined by the jury;
2. Punitive damages to be determined by the jury;
3. Attorneys' fees;
4. Costs and expenses incurred in the action; and
5. Such other and further relief as is appropriate.

PLAINTIFFS DEMAND A TRIAL BY JURY.

DATED this 25th day of July, 2014.

> PATRICK MILLER LLC
>
> /s/ *Marc R. Michaud*
> Marc R. Michaud, La. Bar No. 28962
> 400 Poydras Street, Ste. 1680
> New Orleans, LA 70130
> (504) 680-4318 (Telephone)
> (504) 527-5456 (Facsimile)
> mmichaud@patrickmillerlaw.com (Email)